IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel Anthony Wilder, #258295, | ) | |
| | ) | C/A No. 3:11-187-MBS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Wayne McCabe, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

Petitioner Samuel Anthony Wilder is an inmate in custody of the South Carolina Department of Corrections who currently is housed at Lieber Correctional Institution in Ridgeville, South Carolina. Petitioner, proceeding pro se, filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 28, 2011, alleging that he is being detained unlawfully. Petitioner filed an amended petition on March 10, 2011. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

This matter is before the court on motion for summary judgment filed by Respondent on April 4, 2011. By order filed April 6, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to Respondent's motion on July 14, 2011. Petitioner, with leave of the Magistrate Judge, also filed an amended petition on February 21, 2012.

On February 21, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended that the § 2254 petition be dismissed as barred by the limitations period set forth

in 28 U.S.C. § 2244(d).  On February 22, 2012, Petitioner filed a motion for stay and abeyance.

Petitioner contends that he should be allowed to return to state court to exhaust any unexhausted

claims.  Respondent filed a memorandum in opposition to Petitioner's motion on March 5, 2012.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has

no presumptive weight.  The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court may accept, reject, or modify, in whole or

in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with

instructions.  28 U.S.C. § 636(b)(1).

### FACTS

The facts are thoroughly discussed in the Report and Recommendation.  Briefly, Petitioner

was indicted for murder and possession of a firearm during the commission of a crime of violence.

Petitioner proceeded to trial on May 5, 1999 to May 7, 1999.  A jury found Petitioner guilty on both

charges.  On May 7, 1999, the trial judge sentenced Petitioner to five years incarceration for

possession of a firearm during the commission of a violent crime, and to life in prison for murder,

to be served consecutively.

A notice of appeal was timely filed on Petitioner's behalf by the South Carolina Office of

Appellate Defense.  However, Petitioner also filed a pro se motion for new trial.  The appeal was

dismissed pending a ruling on Petitioner's motion for a new trial.  After the motion for new trial, a

second notice of appeal was filed on Petitioner's behalf.  On March 10, 2006, the second appeal was

dismissed.  Remittitur was sent to the Clerk of Court for Charleston County, South Carolina, on

March 29, 2006.

Petitioner filed an application for post-conviction relief (PCR) on September 5, 2006.

Petitioner was granted a belated appeal pursuant to White v. State, 108 S.E.2d 35 (S.C. 1974), by order filed November 20, 2007. Petitioner's PCR was denied in all other respects. A filing construed as a petition for writ of certiorari was filed on May 14, 2008, and was granted on June 12, 2008. Because of a number of issues, including Petitioner's refusal to consent to White v. State relief, a final brief was not filed with the South Carolina Supreme Court on Petitioner's behalf until December 29, 2009. Petitioner's appeal was dismissed by order filed July 26, 2010. See Wilder v. State, 696 S.E.2d 587 (S.C. 2010). Remittitur was returned on August 16, 2010.

The Magistrate Judge fully discussed additional filings made by Petitioner in the state courts and in this court prior to seeking habeas review. For purposes of his § 2254 petition, the court will grant Plaintiff the benefit of a filing date of January 20, 2011. See Houston v. Lack, 487 U.S. 266 (1988).

## DISCUSSION

The Magistrate Judge determined that the within action is barred by the applicable one-year limitations period. The court agrees.

Section 2254(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

3

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

As the Magistrate Judge properly noted, there were three period of time in which there was no pending action that would toll the limitations period. A period of 160 days of untolled time occurred between the time the remittitur was returned on March 29, 2006 until Petitioner filed a PCR application on September 5, 2006. After the order granting the White v. State appeal was issued on November 20, 2007, a period of 146 days of untolled timed passed until May 14, 2008, the date of the petition for writ of certiorari. The appeal concluded with the return of the remittitur by the South Carolina Supreme Court on August 16, 2010. Another period of 157 days of untolled time passed until filing of the within § 2254 petition, for a total of 463 days of untolled time.

Petitioner does not dispute the Magistrate Judge's calculations. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court discerns no error in the Magistrate Judge's extensive recitation of the facts and procedural history. The court concludes that Petitioner's § 2254 petition is barred by the one-year limitations period. As such, Petitioner's motion for stay and abeyance is inappropriate and serves no useful purpose.

<u>CONCLUSION</u>

The court adopts the Report and Recommendation and incorporates it herein by reference. Respondent's motion for summary judgment (ECF No. 14) is **granted**. Petitioner's motion for stay and abeyance (ECF No. 40) is **denied**, and the § 2254 petition is dismissed, with prejudice.

4

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Chief United States District Judge


Columbia, South Carolina

March 9, 2012




**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**