IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Anthony Wilder, #258295, ) | |
| ) | C/A No. 3:11-187-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Wayne McCabe, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Samuel Anthony Wilder is an inmate in custody of the South Carolina Department of Corrections who currently is housed at Lieber Correctional Institution in Ridgeville, South Carolina. Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 28, 2011. Respondent filed a motion for summary judgment on April 4, 2011, asserting, among other things, that Petitioner's § 2254 petition was barred by the applicable one-year limitations period. On March 12, 2012, the court issued an opinion and order finding that the § 2254 petition was barred by the one-year limitations period and granting summary judgment in favor of Respondent on that ground. The court also denied a motion to stay filed by Petitioner and declined to issue a certificate of appealability (ECF No. 43). This matter now is before the court on Petitioner's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), filed March 19, 2012; and motion for relief from order pursuant to Fed. R. Civ. P. 60(b), filed April 11, 2012.

Regarding the motion for reconsideration, the Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993).

The Fourth Circuit has emphasized that mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Regarding the motion for relief, a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. Therefore, before a party may seek relief under Rule 60(b), the party must show timeliness, a meritorious claim or defense, and exceptional circumstances. See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b). Id.

Petitioner disputes that the one-year limitations period bars federal habeas review. The court disagrees. As previously noted, the one-year limitations period commenced on August 29, 2006, upon remittitur from Petitioner's dismissed direct appeal. One hundred sixty days passed until the limitations period was tolled on September 5, 2006 when Petitioner filed an application in state court for post-conviction relief. The limitations period commenced again on December 20, 2007, thirty days after the order granting the White v. State appeal was issued on November 20, 2007. One hundred forty-six days elapsed before the limitations period was tolled again on May 14, 2008, when Petitioner sought a petition for writ of certiorari in state court. The limitations period again commenced with the return of the remittitur by the South Carolina Supreme Court on August 16, 2010. Another 157 days passed before Petitioner gave the § 2254 petition to prison officials on January 20, 2011. Thus, a total of 463 days of untolled time has passed since Petitioner's conviction.

Petitioner has not established grounds for relief under either Rule 59(e) or Rule 60(b). Petitioner's motions for reconsideration (ECF No. 47) and for relief from order (ECF No. 49) are

2

**denied** for the reasons set forth in the court's March 12, 2012 order.

    **IT IS SO ORDERED**.

                                        /s/ Margaret B. Seymour
                                        Chief United States District Judge

Columbia, South Carolina

May 2, 2012.